| iSAUNDERS, Judge,
concurring in part and dissenting in part.
I agree with the majority that the jury awarded inadequate damages. In my view, the lowest adequate award for physical and mental pain and suffering, past and future, and loss of enjoyment of life is $500,000.00. The majority increased the jury award to $350,000.00 for the massive injuries suffered by Mrs. Harper. I feel this award is inadequate and dissent from this portion of the-judgment.
In all other respects, I agree with the majority. I would note that Judge Knoll has written an excellent opinion which clearly illustrates the extreme nature of the pain suffered by Mrs. Harper. I recognize that in suggesting an award higher than that made by the majority, I suggest a course which would run a high risk of reversal by our supreme court, as such an award would indeed lean heavily on the restraints imposed upon our review of jury awards. I feel that an award of $500,000.00 would be appropriate and suspect that, but for the “lowest of the low” concept, at least a | ¿majority would have supported such an award. Put another way, in a “de nova” review, I am sure a majority would have supported an award of $500,-000.00 rather than $350,000.00. Thus, a most severely injured lady is to receive 30% less than the collective “best judgment” of a five judge panel of an appellate court because of a very great restraint placed upon us by the scope of judicial review as presently articulated by our supreme court. Perhaps this is as it should be. I, for one, feel that justice would better be served if the restraints placed on this branch of the judiciary were loosened somewhat and to that end, I dedicate these observations.